Wilmer J. Harris, Esq (150407)
Peggy Roman-Jacobson, Esq (210853)
**SCHONBRUN DeSIMONE SEPLOW
HARRIS & HOFFMAN, LLP**
414 South Marengo Avenue
Pasadena, California 91101
Telephone: (626) 440-5969
Facsimile: (626) 449-4417

Attorneys for Plaintiff MICHAEL LUNA

FILED
2007 JUL 20 PM 2:35
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LUNA, an individual, | Case No. CV-07-4715 SJO(JCx) |
| PLAINTIFF | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983)** |
| v. | **DEMAND FOR JURY TRIAL** |
| COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, KENNETH FELIX, TIMOTHY LOPEZ, NICHOLAS CABRERA, and DOES 1 through 10, | I. **VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983)** (Individual Liability) |
| DEFENDANTS | II. **VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983) [Government Entity Liability against City of Los Angeles]** |



DOCKETED ON CM
JUL 30 2007
BY ___ 019

- 1 -

```
7/20/2007 2:52:20 PM  Receipt #: 98091
       Cashier : RNEWCOMB CLA 1-1J
Paid by: SCHRONBRUN-DE-SIMONE
2:CV07-4715              5  Civil Filing Fee(1)
2007-086900                                $60.00
Amount :
2:CV07-4715             11  Special Fund F/F(1)
2007-510000                               $190.00
Amount :
2:CV07-4715                  Filing Fee Special(1)
2007-086400                               $100.00
Amount :                                  350.00
Check Payment : 9092
```

The following allegations are made to support this Complaint:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343 in this action arising under 42 U.S.C. §1983, wherein plaintiff seeks to redress deprivations by defendants, acting under color of state law, of rights secured to him by the First, Fourth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

2. Venue of this action is proper in this judicial district by virtue of 28 U.S.C. Section 1391 because, among other things, the acts complained of occurred in this judicial district and because one or more of the defendants reside in this judicial district and all of the defendants reside in California.

## PLAINTIFF

3. MICHAEL LUNA, an individual, is resident of the State of California.

## DEFENDANTS

4. The true names and capacities, whether corporate, associate, individual or otherwise of defendants, DOES 1 through 10, inclusive, are unknown to PLAINTIFF, who therefore sues said defendants by such fictitious names. Each of the defendants designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the PLAINTIFF, as herein alleged. PLAINTIFF will ask leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times, all individual defendants were employees of Los Angeles County Sheriff's Department.

6. Plaintiff is further informed and believes and thereon alleges that defendants Kenneth Felix, Timothy Lopez, and Sergeant Nicholas Cabrera were and are police officers employed by Los Angeles County Sheriff's Department.

7. Plaintiff is informed and believes and thereon alleges that at all relevant times, defendant County of Los Angeles was and is a California government entity. Liability under federal law for all government entity defendants and their employees is based upon 42 U.S.C. § 1983.

8. Plaintiff is informed and believes and thereon alleges that each defendant is, and at all times mentioned was, the agent, employee or representative of each of the other defendants. Each defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omissions of each defendant as agent subsequently were ratified and adopted by each other defendant as principal.

9. Plaintiff is informed and believes and thereon alleges that all defendants, at all times relevant to the allegations herein, acted under the color of state law, and each defendant, except the governmental entity defendants, is sued in an individual capacity.

**FACTS COMMON TO ALL COUNTS**

10. On or about July 31, 2005, in the city of Pico Rivera, County of Los Angeles, California, officers employed by the Los Angeles County Sheriff's Department arrived to Plaintiff's residence, where Plaintiff Michael Luna was entertaining his family at a birthday party. Later, near the conclusion of the party at Mr. Luna's home, the officers had stopped Plaintiff's sister for a purported traffic violation on Plaintiff's driveway. Learning of the police presence on his driveway, Mr. Luna went outside to his driveway where he witnessed his sister and her friend sitting in their car while Deputy Timothy Lopez was pointing his gun at their car. Mr. Luna, concerned for the safety of his sister and the guests at his residence, which included children, walked towards deputy Kenneth Felix who was standing by the police car and tried to reason with the officer to put away their guns, explaining that his sister was not dangerous and that his children were sleeping inside the house.

11. First the officers told him to stand back and he complied. Later, Mr. Luna asked for their badge numbers. This act angered the deputies, who without justification, used unreasonable and excessive force against Mr. Luna, including, without limitation, attacks on Mr. Luna's person and pepper spray.

12. After employing excessive and unreasonable force, the deputies falsely arrested Mr. Luna on pretextual grounds of battery on a peace officer and resisting, obstructing and/or delaying of peace officer.

13. The defendants presented false charges to the District Attorney, which pursued criminal charges based on the false claims by the defendants.

14. In January 2006, Mr. Luna was acquitted by a jury of all charges, including a claim for battery on a peace officer and resisting, obstructing and/or delaying of peace officer.

## **DAMAGES**

15. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants, plaintiff has suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused plaintiff to sustain damages in a sum to be determined at trial.

16. As a further direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants, plaintiff has suffered, and continues to suffer, and is likely to suffer in the future, extreme and severe mental anguish as well as mental and physical pain and injury. For such injury, plaintiff will incur significant damages based on psychological and medical care.

17. As a further direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants, plaintiff has lost past and future earnings in an amount to be determined according to proof at trial.

18. All individual defendants, excluding defendants County of Los Angeles and Los Angeles County Sheriff's Department acted outside the scope of their jurisdiction and without authorization of law, and, separately and in concert, the aforementioned acts of the defendants, and each of them, was willful, wanton, malicious and oppressive, with reckless disregard or with deliberate indifference and with the intent to deprive plaintiff of his constitutional rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling plaintiff to exemplary and punitive damages in an amount to be proven at the trial of this matter.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## DEPRIVATION OF CIVIL RIGHTS -- 42 U.S.C. § 1983

(Individual Liability)

19. The allegations set forth in paragraphs 1 through 18 are incorporated herein by reference.

20. The individual defendants, while acting under color of law, deprived plaintiff of his civil rights by violating his right under the First and Fourth Amendment to be free from unreasonable seizures based upon a protest of unlawful police conduct and his right under the Fourteenth Amendment to due process of law in that they seized plaintiff or caused plaintiff to be seized and imprisoned, without a warrant or probable cause to believe that he was involved in criminal activity, knowingly using false and fabricated evidence.

21. Defendants instigated a criminal prosecution against plaintiff without probable cause and with malice, and maintained a code of silence during the pendency of the criminal proceedings knowing that the charges were false and that there was no credible evidence against plaintiff.

22. The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of

governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

23. Plaintiff has a right to be free from unreasonable seizures as protected by the Fourth Amendment, and a right to be free from the deprivation of his liberty without due process of law, as protected by the Fourteenth Amendment. Plaintiff has a liberty interest in being free from abusive governmental action and in being accorded procedural and substantive due process of law. Plaintiff had a right to protest illegal police conduct under the First Amendment. All of these rights and privileges are secured to plaintiff by the provisions of the First and Fourth Amendment and the Due Process clause of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the defendants, which proximately caused injuries and damages to plaintiff, as herein alleged.

## SECOND CLAIM FOR RELIEF
## DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983
(Entity Liability)

24. The allegations set forth in paragraphs 1 through 23 are incorporated herein by reference.

25. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants County of Los Angeles and Los Angeles Sheriff's Department, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of plaintiff, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs:

(a) failing to adequately train, supervise, and control its officers in the

1 constitutional limits of reasonable force;
2 (b) failing to adequately train, supervise, and control its officers in the
3 need to file truthful and accurate police reports;
4 (c) failing to adequately discipline officers involved in dishonesty,
5 false arrest, excessive force, malicious prosecution or otherwise
6 abusing their authority;
7 (d) condoning and encouraging its officers in the belief that they can
8 violate the rights of persons such as the plaintiff in this action with
9 impunity, and that such conduct will not adversely affect their
10 opportunities for promotion and other employment benefits;
11 (e) failing to adequately investigate complaints of malicious
12 prosecution, false arrest and/or excessive force;
13 (f) conducting investigations into complaints of false arrest, excessive
14 force and/or malicious prosecution as to conceal the misconduct of its
15 officers;
16 (g) condoning and encouraging the fabrication of evidence, including
17 but not limited to the filing of materially false police reports, and/or
18 making false statements to prosecution authorities to obtain the filing
19 of false charges and the institution of false and malicious prosecutions
20 against victims of misconduct by its officers.
21   26. As a direct and proximate result of the foregoing, plaintiff sustained
22 injury and damage as alleged herein.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## PRAYER

WHEREFORE, plaintiff requests relief on his own behalf as follows, and according to proof, against each defendant:

1. General and compensatory damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Exemplary and Punitive damages against each defendant, except the County of Los Angeles and the Los Angeles County Sheriff's Department, in an amount according to proof;

4. Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988; and,

5. Such other relief as may be warranted or as is just and proper.

///

Dated: July 20, 2007

SCHONBRUN DeSIMONE SEPLOW
HARRIS & HOFFMAN LLP

_/s/ Wilmer J. Harris_

Wilmer J. Harris, Esq.
Peggy Roman-Jacobson, Esq.
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

///

Dated: July 20, 2007

SCHONBRUN DeSIMONE SEPLOW
HARRIS & HOFFMAN LLP

_____
Wilmer J. Harris, Esq.
Peggy Roman-Jacobson, Esq.
Attorneys for Plaintiff

- 9 -