Wilmer J. Harris - SBN 150407
Sami N. Khadder - SBN 232216
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
414 S. Marengo Avenue
Pasadena, CA 91101
Telephone: (626) 440-5969
Facsimile:   (626) 449-4417
wharris@sdshhlaw.com
skhadder@sdshhlaw.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LUNA,<br><br>                              Plaintiff,<br><br>-vs-<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, KENNETH FELIX, TIMOTHY LOPEZ, NICHOLAS CABRERA, and DOES 1 through 10, inclusive,<br><br>                              Defendants | Case No.  CV 07-04715 SJO (JCx)<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ACQUITTAL AND DECLARATION OF WILMER J. HARRIS IN SUPPORT THEREOF<br><br>Trial:          September 30, 2008<br>Time:          9:00 am<br>Courtroom:  880<br><br>THE HONORABLE S. JAMES OTERO |

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3        Ninth Circuit authority expressly holds that evidence of acquittal in an

4   underlying criminal action is relevant and admissible in subsequent false arrest

5   and malicious prosecution actions.  *See e.g., Barlow v. Ground*, 943 F.2d 1132,

6   1136 (9th Cir. 1991).  Defendants' motion in limine fails even to mention, much

7   less discuss, the applicable case law, and must therefore be summarily denied.[1]

8

9

**II.     SUMMARY OF FACTS**

10        On July 31, 2005, Plaintiff Michael Luna was quietly enjoying the company

11   of his close friends and family to celebrate his wife's birthday in the comfort of his

12   own home.  What should have been remembered as a night of joy and revelry for

13   Mr. Luna and his guests, will instead be remembered for a series of unfortunate

14   events instigated by the unlawful and abhorrent conduct of three Los Angeles

15   Sheriff's department employees, and the Sheriff's Department itself that

16   perpetuated and ratified that unlawful conduct.

17        On that night, Mr. Luna was falsely arrested and subjected to excessive

18   force by Defendants Deputy Kenneth Felix, Deputy Timothy Lopez, and Sergeant

19   Nicholas Cabrera.  The Defendant officers were responding to a "gang" party

20   down the street from Mr. Luna's house, where their primary charge was to make

21   sure the party-goers did not try to return to the broken up party.  Mistakenly

22   believing that Mr. Luna's sister (Vivian Ortiz) was one of the partygoers returning

23   to the scene, and on the false pretense of a left turn signal violation, the Defendant

24   officers stopped Ms. Ortiz in Mr. Luna's driveway with their guns drawn.  When it

25

26        [1]Prior to the filing of this motion, Plaintiff informed defendants that he
27   stipulates to the exclusion of the finding of factual innocence based on the clear
     language of Penal Code § 851.8(I).  Declaration of Wilmer J. Harris, ¶ 2.
28   Defendants' motion omits this fact.

became clear to the Defendant officers that they made a mistake – that Ms. Ortiz was not a gangbanger – they should have withdrawn.  But they didn't; and the subsequent unlawful arrest of Mr. Luna was a direct result of that failure.

To justify their unlawful conduct, these Defendants fabricated a false version of events with the assumption that Mr. Luna would simply roll over and accept his fate; he did not.  The truth was on Mr. Luna's side, and the jury had the wherewithal to see through the lies and exaggerations perpetrated by the Defendants and find Mr. Luna not guilty on counts of battery on a peace officer and obstructing/resisting a peace officer.  The trial judge was not buying the Defendants story either, and found Mr. Luna to be factually innocent of the charge of battery on a police officer.

**III.    CONTROLLING NINTH CIRCUIT PRECEDENT CONCLUSIVELY ESTABLISHES THAT MR. LUNA'S ACQUITTAL IS RELEVANT AND ADMISSIBLE.**

The Ninth Circuit has expressly stated that "[a] plaintiff who proves that police arrested him without probable cause is entitled to compensation for the economic and non-economic damages he incurs as a proximate result of these violations." *Barlow v. Ground*, 943 F.2d 1132, 1136 (9th Cir. 1991).  In *Barlow*, the Ninth Circuit reversed the district court ruling precluding the victorious civil rights of plaintiff from recovering the fees incurred in the successful defense of underlying criminal charges:

> The district court held, as a matter of law, that the money he spent on his defense was not recoverable even if Barlow were successful in proving false arrest or a violation of the fourth amendment. According to the district court, if the expenses of the defense are to be considered damages, the proximate cause is not the officers, but the prosecutor, who independently decided to bring the charges. We disagree.

*Barlow v. Ground*, 943 F.2d at 1136.

Thus, it is clear that Mr. Luna is entitled to present evidence of the

attorney's fees he incurred in defending against the baseless charges defendants filed against him.  *Accord, Sloman v. Tadlock*, 21 F.3d 1462, 1471 (9th Cir. 1994).

### A.   THE NINTH CIRCUIT HAS RULED THAT A PROPER LIMITING INSTRUCTION IS GENERALLY APPROPRIATE WHEN ACQUITTAL EVIDENCE IS ADMITTED.

In *Sloman*, the Ninth Circuit held that instructing the jury about the limited use of the acquittal evidence overcomes any possible prejudice to defendants.  *Id.* at 1471.  Specifically, the jury should be instructed that the evidence is being admitted for a limited purpose, that there is a difference between the standards of proof in civil and criminal cases and that the acquittal is not admissible for the purpose of establishing that the officers had no probable cause to charge Mr. Luna with battery on a peace officer and resisting arrest.  *Sloman*, 21 F.3d at 1471.

*Sloman* held that, while generally the limiting instruction should be given, the district court's failure to do so did not constitute reversible error.  *Id.* However, Plaintiff submits that the jury should be so instructed in the instant case to preclude any prejudice to defendants.

### IV.   EXCLUSION OF THE ACQUITTAL WOULD CONFUSE AND MISLEAD THE JURY.

Excluding the evidence of acquittal is inappropriate for a host of additional reasons.  First, favorable termination of the criminal proceedings is a necessary element of Mr. Luna's false arrest and malicious prosecution actions.  If Mr. Luna had been found guilty of battery on a police officer or resisting arrest, he would be prevented from asserting false arrest and malicious prosecution claims in this

action.  *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994).[2]  Moreover, the jury **must** know of the acquittal to evaluate Mr. Luna's damages:  the defendant officers' false arrest of Mr. Luna could not have caused him damages in the form of attorney's fees if he had been convicted.  Unless he were acquitted, it would have been his actual culpability for the crimes charged–rather than defendants' false arrest or malicious prosecution–that caused his harm.  Accordingly, defendants' motion to exclude must be denied.

The jury also needs to know of the fact of acquittal to evaluate Mr. Luna's claims of emotional distress.  Three elements of Mr. Luna's emotional distress claim are (i) his Post-Traumatic Stress Disorder ("PTSD") symptoms arising from the arrest and prosecution, (ii) his fear of incarceration had he been convicted, and (iii) having criminal arrests on his record for the rest of his life.  Without information that Mr. Luna had been acquitted, the jury would be unable to assess whether (i) Mr. Luna's PTSD arose from the defendants' misconduct or actual conviction or incarceration, (ii) the PTSD arose from conviction or incarceration or (iii) Mr. Luna's fear of having criminal arrests on his record has been superseded by conviction or incarceration.

Courts faced with this type of scenario have ruled that excluding the fact of acquittal would cause juror confusion.  *Smith v. City of Oakland*, 538 F.Supp.2d 1217, 1231 (N.D. Cal. 2008) (denying motion for new trial on ground evidence of the dismissal of charges should not have been admitted because "it would have

_____

[2]"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck*, 512 U.S. at 486-487.

1    been confusing for the jury to hear about the parole revocation hearing which

2    followed closely after dismissal of the criminal charges without knowing that the

3    criminal charges had by that time been dismissed.")

4         Similarly, in the instant case, defendants' motion must be denied because it,

5    too, would result in juror confusion and deprive Mr. Luna of a fair trial.

6

7    **V.     CONCLUSION**

8         For all of the foregoing reasons, this Court should deny Defendants' Motion

9    in Limine to Preclude Evidence of Acquittal in its entirety..

10

11   Dated: September 2, 2008          SCHONBRUN DE SIMONE SEPLOW
                                        HARRIS & HOFFMAN LLP
12

13                                      _____

14                                      Wilmer J. Harris
                                        Sami N. Khadder
15                                      Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF WILMER J. HARRIS

I, Wilmer J. Harris, hereby declare:

1.      I am an attorney with the law firm of Schonbrun DeSimone Seplow Harris & Hoffman, LLP, counsel for Michael Luna, and one of the primary lawyers working on this case.  The matters stated herein are within my personal knowledge and I can therefore testify competently thereto, except where indicated on information and belief and to those matters I believe to be true.

2.      On August 25, 2008, I spoke with Mark Rutter, counsel for defendants in this case, and informed him that plaintiff stipulates to the exclusion of the finding of factual innocence.  August 25, 2008 was the day before defendants filed their Motion in Limine to exclude the finding of factual innocence.

I declare under penalty of perjury under the laws of the  States of California that the foregoing is true and correct.

Executed this 2nd day of September 2008, at Pasadena, California.


_____

Wilmer J. Harris