Mark D. Rutter - State Bar No. 058194
CARPENTER, ROTHANS & DUMONT
888 S. Figueroa St., Suite 1960
Los Angeles, California 90017
Telephone: (213) 228-0400
Facsimile: (213) 228-0401
mrutter@crdlaw.com

Attorneys for defendants County of Los Angeles,
Deputy Kenneth Felix, Deputy Timothy Lopez
and Sgt. Nicholas Cabrera

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LUNA,<br><br>    Plaintiff,<br><br>-vs-<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, KENNETH FELIX, TIMOTHY LOPEZ, NICHOLAS CABRERA, and DOES 1 through 10, inclusive,<br><br>    Defendants | Case No. CV 07-04715 SJO (JCx)<br><br>RESPONSE OF DEFENDANTS TO PLAINTIFF'S MOTION IN LIMINE NO. 1 |

    Plaintiff has moved the court in limine for an order precluding evidence of plaintiff's prior criminal arrests and convictions as well as regarding other allegations of wrongdoing.

    Plaintiff seeks damages for physical and emotional distress. Within the last few months, approaching 3 years after the subject incident, he has visited a psychologist who has been designated as an expert and the expert's Rule 26 report attributes depression to the subject incident. The report, however, documents in the psychologist's history taken from the plaintiff other potential sources of explanation for his depression.

The report indicates plaintiff has an 18 year daughter by another woman with whom he had court battles until 6 years ago when he stopped fighting for custody.  He suggested to the psychologist that "...the court did not give him custody owing to allegations by her mother that he was physically abusive towards her', and, as a result, he was allowed only monitored visits."

In his deposition, the psychologist also acknowledged that estrangement from his daughter, the court battles with the mother of the child and allegations of physical abuse could impact plaintiff emotionally as well as indicating he would want to know of any prior arrests. (Deposition of Anthony Reading, Ph.D, 58:8-60:21.)

Clearly, such evidence is relevant in testing the source(s) of depression and is appropriate material for cross-examination of the psychologist.

The psychologist's Rule 26 report further commented upon plaintiff's time following the subject incident at the Los Angeles County jail and his feeling "very uncomfortable waiting with other inmates."

It is anticipated that plaintiff's claim of emotional distress will encompass his time suffering in jail following the subject incident.

"[T]he fact of prior imprisonment is a consideration to the extent of mental suffering occasioned by the wrongful confinement." *Bryan v. Jones,* 519 F.2d 44, 46 (5th Cir. 1975)

Surely, a jury could infer that due to one's time previously in jail, the degree of distress from a second time in jail is less likely to provoke such a degree of distress that would have been suffered by a first timer.

Another judge of this district court has agreed that prior confinement is relevant on the issue of damages stating:

> Defendant argues that plaintiff's prior convictions and incarcerations
> are relevant to the extent plaintiff seeks to recover damages for
> emotional distress, citing *Bryan v. Jones,* 519 F.2d 44 (5th Cir.1975),


*Ford v. Wells,* 347 F.Supp. 1026 (E.D.Tenn.1972), and *Alamo Downs v. Briggs,* 106 S.W.2d 733 (Tex.Civ.App.1937). In *Bryan,* the Fifth Circuit held in a section 1983 action for false imprisonment that a plaintiff's prior incarceration was relevant to the extent he claimed damages for mental suffering occasioned by wrongful confinement. *Bryan, supra,* 519 F.2d at 46. *Ford* and *Alamo Downs* similarly suggest that a person who has previously been incarcerated may suffer less damage as a result of a subsequent wrongful incarceration. See *Ford, supra,* 347 F.Supp. at 1030 ("'Mr. Ford appears to have been arrested for public drunkenness and related crimes some 21 times before this episode; he was not as damaged by being unlawfully arrested and imprisoned as another person with an unblemished record might have been'"); *Alamo Downs, supra,* 106 S.W.2d at 738 ("'The appellee, having alleged that by reason of the assault and battery and false arrest and imprisonment he suffered great mental anguish, pain, and humiliation, and having testified to such, if he had been in jail for breaches of the peace, we think the fact would be pertinent to go before the jury for their consideration as to the amount of damages allowed in this action'").

The cases cited by defendant are consistent with Rule 404(a), which allows the use of character evidence for purposes other than proving acts in conformity therewith. None of the cases cited by defendant, however, addresses the issue of prejudice, which Rule 404 requires. See Fed.R.Evid. 404(a), Advisory Committee Notes. Although defendant has submitted an offer of proof regarding plaintiff's criminal history, he has not identified which convictions and incarcerations he intends to offer into evidence. Having reviewed plaintiff's criminal history, the court agrees that the fact that plaintiff

has been incarcerated on a number of prior occasions, and the length of those periods of incarceration, is relevant to the jury's consideration of the damages he is entitled to recover in this case. See *Peraza v. Delameter,* 722 F.2d 1455, 1457 (9th Cir.1984) (holding that in a §§ 1983 action for excessive force, the trial court did not abuse its discretion when it admitted evidence of plaintiff's subsequent encounters with the police and difficulties in school as relevant to plaintiff's claim that he suffered injury to "" "head, body and psyche" "" as a result of the arrest); see also *Knudsen v. Welsh,* 872 F.2d 428, 1989 WL 30470, (9th Cir.1989) (Upub.Disp.) (holding that in a §§ 1983 action for illegal detention, trial court did not abuse it discretion in admitting evidence of defendant's prior arrests, police contacts and periods of incarceration, with a limiting instruction that such evidence was only relevant insofar as it beared on the issue of damages for emotional distress). The nature of the convictions that led to the earlier incarcerations, however, is not relevant to damages, however, and would have a prejudicial impact that would outweigh any probative value that exists. Accordingly, as respects the issue of damages for emotional distress, defendant may introduce evidence of the number and duration of plaintiff's prior periods of incarceration. Plaintiff's contention that such evidence will be unduly prejudicial can be properly addressed by giving an appropriate limiting instruction to the jury. *Green v. Baca,* 226 F.R.D. 624, 656-657 (C.D.Cal. 2005) *reversed on other grounds on rehearing,* 530 F.2d 1210 (1976) (damages issue unaffected by holding on rehearing).

While defendants concede such evidence is not probative on the issue of liability, this problem can be obviated by bifurcation of issues of liability and damages.

Dated: September 2, 2008              CARPENTER, ROTHANS & DUMONT

                                      BY: _____
                                          MARK D. RUTTER
                                      Attorneys for defendants County of Los
                                      Angeles, Deputy Kenneth Felix, Deputy
                                      Timothy Lopez and Sgt. Nicholas Cabrera