1   Wilmer J. Harris, Esq (150407)
    Sami N. Khadder, Esq. (232216)
2   **SCHONBRUN DeSIMONE SEPLOW**
    **HARRIS & HOFFMAN, LLP**
3   414 South Marengo Avenue
    Pasadena, California 91101
4   Telephone: (626) 440-5969
    Facsimile:  (626) 449-4417
5   wharris@sdshhlaw.com
    Skhadder@sdshhlaw.com
6

7   Attorneys for Plaintiff MICHAEL LUNA

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11  | MICHAEL LUNA, an individual, | Case No. CV-07-4715 SJO (JCx) |
    |---|---|
12  | PLAINTIFF | JOINT EXHIBIT LIST WITH OBJECTIONS PURSUANT TO JUDGE OTERO'S STANDING ORDER |
13  | v. | |
14  | COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, KENNETH FELIX, TIMOTHY LOPEZ, NICHOLAS CABRERA, and DOES 1 through 10, | Hon. S. James Otero |
15  | | Pretrial Conference: September 22, 2008 |
16  | | Trial: September 30, 3008 |
17  | DEFENDANTS | |
18

19

20

21

22

23

24

25

26

27

28

1    The Parties submit the following Joint Exhibit List With Objections, pursuant

2    to the Court's Standing Order.

3

4    ///

5    Dated:  September 15, 2008          SCHONBRUN DESIMONE SEPLOW
                                         HARRIS & HOFFMAN, LLP
6

7                                        By: _____

8                                          Wilmer J. Harris
9                                          Sami N. Khadder
                                           Attorneys for Plaintiff Michael Luna
10

11

12   Dated: September 15, 2008           CARPENTER, ROTHANS & FUMONT

13

14

15                                       By: _____

16                                         Mark D. Rutter
                                           David G. Torres-Siegrist
17                                         Attorneys for Defendants

18

19

20

21

22

23

24

25

26

27

28

                                    - 2 -

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|--------------------------|----------------|-------|
| | | | **PLAINTIFF'S EXHIBITS** | | | |
| 1 | | Plaintiff's Notice of Continuance of Deposition of Deputy District Attorney Lawrence Lee | Objection: Irrelevant (F.R.E. Rule 401 and 403) | | | |
| 2 | | Diagram prepared by Defendant Kenneth Felix at criminal trial of Plaintiff Luna, 1 page | Objection: Irrelevant (F.R.E. Rule 401 and 403); Inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); F.R.E. Rule 807. | | |
| 3 | | Diagram prepared by Defendant Kenneth Felix at criminal trial of Plaintiff Luna, 1 page | Objection: Irrelevant (F.R.E. Rule 401 and 403); Inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); F.R.E. Rule 807. | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 4 | | Misdemeanor Complaint filed against Plaintiff Luna, 2 pages | Objection: Irrelevant (F.R.E. Rule 401 and 403); Inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Not hearsay because not offered to prove truth of the matter asserted (that Plaintiff Luna committed a crime) (F.R.E. Rule 801(c)); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Public records and reports hearsay exception (F.R.E. Rule 803(8); Evidence is relevant to element of malicious prosecution claim and damages (F.R.E. Rule 401 and 402). | | |
| 5 | | Incident Report containing Incident Narratives of Defendants Lopez, Felix, and Cabrera, 12 pages | Objection: Duplicative of Exhibit 24 | Not duplicative of Exhibit 24. | D: 21-26, 36-41 | |
| 6 | | Presbyterian Intercommunity Hospital Emergency Department Visit Report prepared by Dr. Steven Chin, MD for Michael Luna, 2 pages | Objection: Inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Statements for purposes of medical diagnosis or treatment hearsay exception (F.R.E. Rule 803(4).) | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 7 | | Los Angeles County Sheriff's Department Station jail Inmate Classification Questionnaire, 4 pages | | | D: 33-35 | |
| 8 | | Los Angeles County Sheriff's Department Supervisors report on use of force, 4 pages | In light of the stipulation of the parties dismissing any and all Monell Claims Defendants object on grounds of relevancy pursuant to FRE 401 and 403. Additionally the document(s) constitutes inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to element of malicious prosecution claim and damages. (F.R.E. Rule 401 and 402); Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Public records and reports hearsay exception (F.R.E. Rule 803(8); F.R.E. Rule 807. | D: 1-4 | |
| 9 | | Plaintiff withdraws this exhibit. | | | | |
| 10 | | Photo of Plaintiff Luna's house used in defendants' deposition of Steven Ayala. | | | | |
| 11 | | Photo of Plaintiff Luna's house used in defendants' deposition of Steven Ayala. | | | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|-------------------------|----------------|-------|
| 12 | | Photo of Plaintiff Luna's house used in defendants' deposition of Steven Ayala. | | | | |
| 13 | | Photo of Plaintiff Luna's house used in defendants' deposition of Steven Ayala. | | | | |
| 14 | | Photo of Plaintiff Luna's house used in defendants' deposition of Steven Ayala. | | | | |
| 15 | | Scene Diagram used in defendants' deposition of Steven Ayala. | | | | |
| 16 | | Scene Diagram used in defendants' deposition of Christine Hill. | | | | |
| 17 | | Criminal Trial Diagram used in defendants' deposition of Michael Luna. | | | P: 35 | |
| 18 | | Scene Diagram used in defendants' deposition of Michael Luna. | | | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|------------------------|----------------|-------|
| 19 | | Scene Diagram used in defendants' deposition of Edward Lara. | | | | |
| 20 | | Scene Diagram used in defendants' deposition of Inez Lara. | | | | |
| 21 | | Google Satellite Map of Plaintiff Luna's neighborhood, including intersection of Rex Road and Passons Blvd, used in Plaintiff's deposition of Defendant Lopez. | | | | |
| 22 | | Google Satellite Map of Plaintiff Luna's home, used in Plaintiff's deposition of Defendant Lopez. | | | | |
| 23 | | Crime Analysis Supplemental Form prepared by Defendant Lopez. | | | D: 25-26 | |
| 24 | | Incident Report Narrative prepared by Defendant Lopez. | | | D: 23-24 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|------------------------|----------------|-------|
| 25 | | LASD Letter to Defendant Felix re jail check discipline. | Defendants object on the grounds that the evidence is improper character evidence (F.R.E. 404). <u>See also</u> Defendant's MIL Re: Prior Bad Acts. Additionally, FRE 608 does not create an exception allowing the introduction of a collateral, remote and isolated instance akin to the failure to DEPUTY FELIX to check off a sweep sheet. Additionally defendants object on grounds of relevancy (F.R.E. 401 and 403). Additionally the document(s) constitute(s) inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | See Plaintiff's Opposition to Defendants' Motion in Limine re: Bad Acts; F.R.E. Rule 608 specifically makes instances of conduct that are probative of untruthfulness of a witness admissible. Contrary to Defendants' characterization, the County specifically found that Defendant Felix lied on an official report. <br><br> Relevant to truthfulness of Defendant. (F.R.E. 401 and 402). <br><br> Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Admission by party-opponent (F.R.E. Rule 801(d)(2); Recorded recollection hearsay exception (F.R.E. 803(5).) | D: 138-139 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 26 | | LASD Letter to Felix re call-in sick discipline | Defendants object on the grounds that the evidence is improper character evidence (F.R.E. 404). See also Defendant's MIL Re: Prior Bad Acts. Additionally, FRE 608 does not create an exception allowing the introduction of a collateral, remote and isolated instance akin to the failure to DEPUTY FELIX to check off a sweep sheet. Additionally defendants object on grounds of relevancy (F.R.E. 401 and 403). Additionally the document(s) constitute(s) inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | See Plaintiff's Opposition to Defendants' Motion in Limine re: Bad Acts; F.R.E. Rule 608 specifically makes instances of conduct that are probative of untruthfulness of a witness admissible. Contrary to Defendants' characterization, the County specifically found that Defendant Felix lied on an official report.<br><br>Relevant to truthfulness of Defendant. (F.R.E. 401 and 402).<br><br>Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Admission by party-opponent (F.R.E. Rule 801(d)(2); Recorded recollection hearsay exception (F.R.E. 803(5).) | D: 140-141 | |
| 27 | | Google Satellite Map of Plaintiff Luna's neighborhood, including intersection of Rex Road and Passons Blvd, used in Plaintiff's deposition of Defendant Felix. | | | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 28 | | Google Satellite Map of Plaintiff Luna's home, used in Plaintiff's deposition of Defendant Felix. | | | | |
| 29 | | County of Los Angeles Sheriff's Department Supplemental Report prepared by Defendant Felix. | | | D: 36-40 | |
| 30 | | WITHDRAWN AS DUPLICATE. | | | | |
| 31 | | Incident report form prepared by Defendant Lopez. | | | D: 21-22 | |
| 32 | | Google Satellite Map of Plaintiff Luna's neighborhood, including intersection of Rex Road and Passons Blvd, used in Plaintiff's deposition of Defendant Cabrera. | | | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 33 | | Google Satellite Map of Plaintiff Luna's home, used in Plaintiff's deposition of Defendant Cabrera. | | | | |
| 34 | | County of Los Angeles Sheriff's Department Supplemental Report prepared by Defendant Cabrera. | | | D: 41 | |
| 35 | | Supervisor's Report on Use of Force prepared by Defendant Cabrera. | In light of the stipulation of the parties dismissing any and all Monell Claims Defendants object on grounds of relevancy pursuant to FRE 401 and 403. Additionally the document(s) constitutes inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to element of malicious prosecution claim and damages. (F.R.E. Rule 401 and 402); Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Public records and reports hearsay exception (F.R.E. Rule 803(8); F.R.E. Rule 807. | D: 1-4 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 36 | | LASD Office Correspondence, Use of Significant Force report prepared by Defendant Cabrera. | In light of the stipulation of the parties dismissing any and all Monell Claims Defendants object on grounds of relevancy pursuant to FRE 401 and 403. Additionally the document(s) constitutes inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to element of malicious prosecution claim and damages. (F.R.E. Rule 401 and 402); Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Public records and reports hearsay exception (F.R.E. Rule 803(8); F.R.E. Rule 807. | D: 5-17 | |
| 37 | | Criminal Trial Diagram from criminal trial of Plaintiff Luna, used at deposition of Defendant Cabrera (1 page) | | | | |
| 38 | | Plaintiff withdraws this Exhibit.. | | | | |
| 39 | | Plaintiff withdraws this exhibit. | | | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|-------------------------|----------------|-------|
| 40 | | Responses and Objections of Dennis E. Ferris to Subpoena Duces Tecum | Objection: Irrelevant (F.R.E. Rule 401 and 403) | Relevant to malicious prosecution claim and damages, as the Los Angeles County Sheriff's Department report was relied upon by District Attorney in deciding to file criminal charges against Plaintiff Luna. (F.R.E. 401 and 402); | | |
| 41 | | Materials produced by Dennis Ferris at deposition of Ferris, and used by Ferris in filing criminal charges against Plaintiff Luna. | Objection: Irrelevant (F.R.E. Rule 401 and 403); Additionally the document(s) constitutes inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805;  Duplicative of other Exhibits | Relevant to malicious prosecution claim and damages, as the Los Angeles County Sheriff's Department report was relied upon by District Attorney in deciding to file criminal charges against Plaintiff Luna. (F.R.E. 401 and 402).<br><br>Relevant to element of malicious prosecution claim and damages. (F.R.E. Rule 401 and 402);<br><br>Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Public records and reports hearsay exception (F.R.E. Rule 803(8); F.R.E. Rule 807. | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|-------------------------|----------------|-------|
| 42 | | WITHDRAWN AS A DUPLICATE | | | | |
| 43 | 1/24/06 | Criminal Docket re: acquittal of Plaintiff Luna on both counts, used at Plaintiff's deposition of Ferris. | Defendants object on relevancy grounds (F.R.E. Rule 401 and 403) See also Pino v. Higgs, 75 F.3d 1461 (10th Cir 1996); Taylor v. Hudson, 2003 U.S. Dist. LEXIS 26737 (D.N.M. 2003) [; See also Defendants' MIL Re: Acquittal. | Relevant to malicious prosecution claim and damages. (F.R.E. Rule 401 and 402); See Plaintiff's Opposition to Defendants' MIL re: Acquittal. | D: 75 | |
| 44 | 04/26/06 | Criminal Docket re: jury's verdict, used at Plaintiff's deposition of Ferris. | Defendants object on relevancy grounds (F.R.E. Rule 401 and 403) See also Pino v. Higgs, 75 F.3d 1461 (10th Cir 1996); Taylor v. Hudson, 2003 U.S. Dist. LEXIS 26737 (D.N.M. 2003) [; See also Defendants' MIL Re: Acquittal. | Relevant to malicious prosecution claim and damages. (F.R.E. Rule 401 and 402); See Plaintiff's Opposition to Defendants' MIL re: Acquittal. | D: 76 | |
| 45 | | Plaintiff withdraws this Exhibit. | | | | |
| 46 | | Plaintiff withdraws this Exhibit. | | | | |
| 47 | | Traffic Citation issued to Vivian Ortiz. | | | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 48 | | Scene Diagram used at Defendants' deposition of Vivian Ortiz. | | | | |
| 49 | | Plaintiff withdraws this Exhibit. | | | | |
| 50 | | Plaintiff withdraws this Exhibit. | | | | |
| 51 | | Los Angeles County Jail, Booking and Property Record | Objection: Irrelevant (F.R.E. Rule 401 and 403); Additionally the document(s) constitutes inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805 | Relevant to element of malicious prosecution claim and damages (F.R.E. 401 and 402); Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Public records and reports hearsay exception (F.R.E. Rule 803(8); F.R.E. Rule 807. | D: 29 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|-------------------------|----------------|-------|
| 52 | 07/31/05 | Live Scan Transaction Agency Notification: Michael Luna | Objection: Irrelevant (F.R.E. Rule 401 and 403); Additionally the document(s) constitutes inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805 | Relevant to rebut Defendants' argument that Plaintif is a frequent occupant of jail facilities, such that he would not suffer emotional distress from incarceration (F.R.E. 401 and 402); Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Public records and reports hearsay exception (F.R.E. Rule 803(8); F.R.E. Rule 807. | D: 30 | |
| 53 | | WITHDRAWN AS DUPLICATE OF EXHIBIT 51. | | | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 54 | 07/31/05 | Pico Rivera Station Daily Inservice | Objection: Irrelevant (F.R.E. Rule 401 and 403); Additionally the document(s) constitutes inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805 | Relevant to confirm taunting by Defendant officers of Plaintiff Luna while Plaintiff Luna was in custody at station. (F.R.E. Rule 401 and 402); <br><br> Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Public records and reports hearsay exception (F.R.E. Rule 803(8); F.R.E. Rule 807. | D: 42 | |
| 55 | 07/31/05 | Medical Evaluation Request by Peace Officer | | | D: 43 | |
| 56 | 07/31/05 | Presbyterian Intercommunity Hospital aftercare instructions & Consent of Admissions | Objection: Irrelevant (F.R.E. Rule 401 and 403); Additionally the document(s) constitutes inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805 | Relevant to injuries sustained by Plaintiff Luna as a result of excessive force and unlawful arrest (F.R.E. Rule 401 and 401); <br><br> Statements for purposes of medical diagnosis or treatment hearsay exception (F.R.E. Rule 803(4).) | D: 44 -45 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 57 | 07/31/05 | Presbyterian Intercommunity Hospital: Emergency Department Report | Objection: The document(s) constitutes inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805 | Statements for purposes of medical diagnosis or treatment hearsay exception (F.R.E. Rule 803(4).) | D: 46-48 | |
| 58 | 08/03/05 | Los Angeles County Sheriff's Department Internal Affairs Bureau- Mandatory Notification Form | In light of the stipulation of the parties dismissing any and all Monell Claims Defendants object on grounds of relevancy pursuant to FRE 401 and 403. Additionally the document(s) constitutes inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to scope of damages sustained by Plaintiff Luna as a result of injuries from excessive force and unlawful arrest, including possible skull fracture. (F.R.E. 401 and 402); Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Public records and reports hearsay exception (F.R.E. Rule 803(8); F.R.E. Rule 807. | D: 49-50 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 59a<br><br>59b<br><br>59c<br><br>59d<br><br>59e<br><br>59f | 07/31/08 | Photos of Injuries of Michael Luna | | | D: 51-56 | |
| 60 | 07/30/05 | Pico Rivera Station Deputy Daily Worksheets: Unit 151F, Shift P | Defendants object on relevancy grounds (F.R.E. Rule 401 and 403). Additionally Defendants object on the ground that said document(s) constitute(s) inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to dispatch call to officers for assistance with disbursion of party with gang members that brought Defendant officers in contact with Plaintiff Luna's family members (F.R.E. 401 and 402);<br><br>Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6). | D: 87-90 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|-------------------------|----------------|-------|
| 61 | 07/30/05 | Pico Rivera Station Unit History Report: Unit 151F, Shift 3 | Defendants object on relevancy grounds (F.R.E. Rule 401 and 403). Additionally Defendants object on the ground that said document(s) constitute(s) inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to dispatch call to officers for assistance with disbursion of party with gang members that brought Defendant officers in contact with Plaintiff Luna's family members (F.R.E. 401 and 402); Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6). | D: 91-96 | |
| 62 | 07/31/05 | Pico Rivera Station Deputy Daily Worksheets: Unit 151K3, Shift E | Defendants object on relevancy grounds (F.R.E. Rule 401 and 403). Additionally Defendants object on the ground that said document(s) constitute(s) inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to dispatch call to officers for assistance with disbursion of party with gang members that brought Defendant officers in contact with Plaintiff Luna's family members (F.R.E. 401 and 402); Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6). | D: 97-98 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|-------------------------|----------------|-------|
| 63 | 07/31/05 | Pico Rivera Station Unit History Report: Unit 151K3, Shift 1 | Defendants object on relevancy grounds (F.R.E. Rule 401 and 403). Additionally Defendants object on the ground that said document(s) constitute(s) inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to dispatch call to officers for assistance with disbursion of party with gang members that brought Defendant officers in contact with Plaintiff Luna's family members (F.R.E. 401 and 402); Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6). | D: 99-101 | |
| 64 | 07/31/05 | Pico Rivera Station Deputy Daily Worksheets: Unit 151D, Shift E | Defendants object on relevancy grounds (F.R.E. Rule 401 and 403). Additionally Defendants object on the ground that said document(s) constitute(s) inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to dispatch call to officers for assistance with disbursion of party with gang members that brought Defendant officers in contact with Plaintiff Luna's family members (F.R.E. 401 and 402); Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6). | D: 102-104 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|-------------------------|----------------|-------|
| 65 | 07/31/05 | Pico Rivera Station Unit History Report: Unit 151D, Shift 1 | Defendants object on relevancy grounds (F.R.E. Rule 401 and 403). Additionally Defendants object on the ground that said document(s) constitute(s) inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to dispatch call to officers for assistance with disbursion of party with gang members that brought Defendant officers in contact with Plaintiff Luna's family members (F.R.E. 401 and 402);<br><br>Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6). | D: 105-108 | |
| 66 | 07/31/05 | Pico Rivera Station Deputy Daily Worksheets: Unit 152E, Shift E | Defendants object on relevancy grounds (F.R.E. Rule 401 and 403). Additionally Defendants object on the ground that said document(s) constitute(s) inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to dispatch call to officers for assistance with disbursion of party with gang members that brought Defendant officers in contact with Plaintiff Luna's family members (F.R.E. 401 and 402);<br><br>Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6). | D: 109-111 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 67 | 07/31/05 | Pico Rivera Station Unit History Report: Unit 152E, Shift 1 | Defendants object on relevancy grounds (F.R.E. Rule 401 and 403). Additionally Defendants object on the ground that said document(s) constitute(s) inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to dispatch call to officers for assistance with disbursion of party with gang members that brought Defendant officers in contact with Plaintiff Luna's family members (F.R.E. 401 and 402);<br><br>Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6). | D: 112-115 | |
| 68 | 07/31/05 | Pico Rivera Station Deputy Daily Worksheets: Unit 150S, Shift E | Defendants object on relevancy grounds (F.R.E. Rule 401 and 403). Additionally Defendants object on the ground that said document(s) constitute(s) inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to dispatch call to officers for assistance with disbursion of party with gang members that brought Defendant officers in contact with Plaintiff Luna's family members (F.R.E. 401 and 402);<br><br>Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6). | D: 116 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 69 | | Pico Rivera Station Unit History Report: Unit 150S, Shift 1 | Defendants object on relevancy grounds (F.R.E. Rule 401 and 403). Additionally Defendants object on the ground that said document(s) constitute(s) inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to dispatch call to officers for assistance with disbursion of party with gang members that brought Defendant officers in contact with Plaintiff Luna's family members (F.R.E. 401 and 402);<br><br>Admission by party-opponent (F.R.E. Rule 801(d)(2); Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6). | D:117-118 | |
| 70 | | County of Los Angeles Sheriff's Department LTAC and Dispatch Records and Certification of Authenticity of Records (includes transcripts & one audio CD) | | | D: 119-128 | |
| 71 | | Plaintiff withdraws this Exhibit. | | | | |
| 72 | | Photos of Injuries: 405-06754-1517-145 (one CD with color photos) | | | D: 130 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 73 | | Confidential Internal Affairs Bureau File for Deputy Kenneth Felix (44 pages) | Defendants object on the grounds that the evidence is improper character evidence (F.R.E. 404). <u>See also</u> Defendant's MIL Re: Prior Bad Acts. Additionally, FRE 608 does not create an exception allowing the introduction of a collateral, remote and isolated instance akin to the failure to DEPUTY FELIX to check off a sweep sheet. Additionally defendants object on grounds of relevancy (F.R.E. 401 and 403). Additionally the document(s) constitute(s) inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | See Plaintiff's Opposition to Defendants' Motion in Limine re: Bad Acts; F.R.E. Rule 608 specifically makes instances of conduct that are probative of untruthfulness of a witness admissible. Contrary to Defendants' characterization, the County specifically found that Defendant Felix lied on an official report.<br><br>Relevant to truthfulness of Defendant. (F.R.E. 401 and 402).<br><br>Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Admission by party-opponent (F.R.E. Rule 801(d)(2); Recorded recollection hearsay exception (F.R.E. 803(5).) | | |
| 74 | | Superior Court of California, County of Los Angeles: Out of Custody DNA Data Bank Samples and Print Impressions Order - P.C. §§ 296,296.1 | Objection: Irrelevant (F.R.E. Rule 401 and 403); Additionally the document(s) constitutes inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805 | Relevant to damages resulting from criminal matter. (F.R.E. 401 and 402)<br><br>Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Public records and reports hearsay exception (F.R.E. Rule 803(8). | P: 3-5 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|-------------------------|----------------|-------|
| 75 | 08/01/05 | Surety Bond Request for Release of Prisoner: Michael Luna | | | P: 17 | |
| 76 | | Plaintiff withdraws this exhibit. | | | | |
| 77 | | Plaintiff withdraws this Exhibit. | | | | |
| 78 | 07/31/05 | Radiology Preliminary Report for Michael Luna | | | P: 31 | |
| 79 | 07/31/05 | Presbyterian Intercommunity Hospital Emergency Department Visit Report | Objection: The document(s) constitutes inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805 | Statements for purposes of medical diagnosis or treatment hearsay exception (F.R.E. Rule 803(4).) | P: 32-33 | |
| 80 | July - August, 2005 | AT&T Universal Card Bill (Redacted) | | | P: 34 | |
| 81 | | DVD of Incident recorded by Christine Hill | Objection: Irrelevant (F.R.E. Rule 401 and 403); Additionally the document(s) constitutes inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805 | Relevant to events that occurred immediately after Plaintiff Luna was handcuffed (F.R.E. Rule 401 and 402).  Excited utterance hearsay exception (F.R.E. Rule 803(2).) | P: 36 | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|------------------------|----------------|-------|
| 82 | 05/02/08 | Correspondence from Law Offices of Anthony A. Arzili re costs incurred for representation in criminal case | Objection: Irrelevant (F.R.E. Rule 401 and 403); Inadmissible hearsay to which no exception applies pursuant to F.R.E. 801 & 805. | Relevant to show damages for malicious prosecution. (F.R.E. Rule 401 and 402); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); F.R.E. Rule 807. | P: 37-38 | |
| 83 | | Reporter's Transcript of Proceedings - Jury Trial: *The People of the State of California v. Michael Luna,* Case No. 5WH04614: Master Index - Chronological Index of Witnesses | | | | |
| 84 | | Reporter's Transcript of Proceedings - Jury Trial: *The People of the State of California v. Michael Luna,* Case No. 5WH04614: January 17, 2006, January 18, 2006, January 20, 2006 and January 24, 2006. | Objection: The document(s) constitutes inadmissible hearsay save for impeachment. | Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Public records and reports hearsay exception (F.R.E. Rule 803(8); Admission by party-opponent (F.R.E. Rule 801(d)(2); all testimony contained in this Exhibit was made under oath. | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|-------------------------|----------------|-------|
| 85 | | Reporter's Transcript of Proceedings - Jury Trial: *The People of the State of California v. Michael Luna,* Case No. 5WH04614: January 19, 2006. | Objection: The document(s) constitutes inadmissible hearsay save for impeachment. | Prior statement by witness (F.R.E. Rule 801(d)(1); Records of regularly conducted activity hearsay exception (F.R.E. Rule 803(6); Public records and reports hearsay exception (F.R.E. Rule 803(8); Admission by party-opponent (F.R.E. Rule 801(d)(2); all testimony contained in this Exhibit was made under oath. | | |
| 86 | | Plaintiff withdraws this Exhibit. | | | | |
| 87 | | Plaintiff withdraws this Exhibit | | | | |
| 88 | | Plaintiff withdraws this Exhibit. | | | | |
| 89 | | Plaintiff withdraws this Exhibit. | | | | |
| 90 | | Plaintiff withdraws this Exhibit. | | | | |
| **DEFENDANTS' EXHIBITS** | | | | | | |
| 91 | | Defendant's Interrogatories to Plaintiff [Set One] served via U.S. Mail upon plaintiff on March 18, 2008. | **Defendants' Position**: Hearsay save for impeachment. | **Plaintiff's Response:** This is Defendants' own exhibit. | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 92 | | Plaintiff's Responses to Defendant's Interrogatories to Plaintiff [Set One] served via U.S. Mail upon defendant on May 5, 2008. | **Defendants' Position**: Hearsay save for impeachment. | **Plaintiff's Response:** This is Defendants' own exhibit. | | |
| 93 | | Defendant's Interrogatories to Plaintiff [Set One] served via U.S. Mail upon plaintiff on March 18, 2008. | **Defendants' Position**: Hearsay save for impeachment. | **Plaintiff's Response:** This is Defendants' own exhibit. | | |
| 94 | | Defendant's Notice of Deposition of Plaintiff Michael Luna and Request for Production of Documents. | **Defendants' Position**: Hearsay save for impeachment. | **Plaintiff's Response:** This is Defendants' own exhibit. | | |
| 95 | | Plaintiff's Responses to Defendant County of Los Angles' Demand for Production of Documents at Deposition personally served upon defense counsel on April 29, 2008. | **Defendants' Position**: Hearsay save for impeachment. | **Plaintiff's Response:** This is Defendants' own exhibit. | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 96 | | **[WITHDRAWN-DUPLICATE]** County's Objection to Deposition of Ferris. | WITHDRAWN | | | |
| 97 | | 8x11 Diagram of Luna Residence. | Objection: This is not an exhibit; this is Graphic/Illustrative material prepared by Defendants' counsel and must be submitted as such (*See* L.R. 16-3). | Defendants have provided a copy of said exhibit to plaintiffs. | | |
| 98 | | **[WITHDRAWN - DUPLICATE]** Plaintiff's P00036 DVD of Incident containing video footage shot by witness Hill. | WITHDRAWN | | | |
| 99 | | **[WITDRAWN - DUPLICATE]** C.D. containing Audio of Dispatch (7-31-05/0000 to 0230 Hours) and L-Tac  (7-31-05/0000 to 0230 Hours) | WITHDRAWN | | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 100 | | L.A.S.D. Use of Force Video of Witness Interviews regarding Incident Case No. 405-06754-1517-145 | **Defendants' Position:** Hearsay save the conduct of Plaintiff as well for use as impeachment with respect to individuals on the video.<br><br>**Plaintiff's Objection:** Objection: Plaintiff objects on relevancy grounds (F.R.E. Rule 401, 402); Plaintiff further objects that this exhibit should be excluded on grounds of prejudice with respect to footage of Plaintiff (F.R.E. Rule 403); This is inadmissible character evidence with respect to footage of Plaintiff (F.R.E. Rule 404); Can only be used for impeachment purposes. | The footage is relevant as to plaintiff's state of mind and emotional state as the video was shot within minutes of the incident. Plaintiff's agitated state and unwillingness to cooperate with LASD personnel which was captured on video makes it more likely than not that he was combative with LASD personnel at the time of the incident. With respect to FRE 403, the probabtive value is significantly outweighed by the risk of undue prejudice. Lastly, the footage is not impermissible character evidence as it was taken shortly after the incident that gives rise to this litigation and is relevant to plaintiff's than state of mind and emotional state. | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 101 | | C.D. of Photos comprising L.A.S.D. 405-06754-1517-145 | | | | |
| 102 | | Reporter's Transcript of Defendant MICHAEL LUNA's testimony in Jury Trial: *The People of the State of California v. Michael Luna,* Case No. 5WH04614. | **Defendants' Position**: Hearsay save for impeachment | **Plaintiff's Response:** This is Defendants' own exhibit. | | |
| 103 | | Reporter's Transcript of Witness Vivian Ortiz' testimony in Jury Trial: *The People of the State of California v. Michael Luna,* Case No. 5WH04614. | **Defendants' Position**: Hearsay save for impeachment | **Plaintiff's Response:** This is Defendants' own exhibit. | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|-------------------------|----------------|-------|
| 104 | | D.V.D. of April 29, 2008 Deposition of Plaintiff Michael Luna. | Objection: Subject to objections raised in deposition. | | | |
| 105 | | D.V.D. of June 12, 2008 Deposition of Vivian Ortiz. | Objection: This exhibit can only be used for impeachment purposes (non-party) (F.R.C.P. Rule 32); Subject to objections raised in deposition. | | | |
| 106 | | D.V.D. of April 15, 2008 Deposition of Steven Ayala. | Objection: This exhibit can only be used for impeachment purposes (non-party) (F.R.C.P. Rule 32); Subject to objections raised in deposition. | | | |
| 107 | | D.V.D. of April 16, 2008 Deposition of Christine Hill. | Objection: This exhibit can only be used for impeachment purposes (non-party) (F.R.C.P. Rule 32); Subject to objections raised in deposition. | | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 108 | | D.V.D. of May 6, 2008 Deposition of Edward Lara. | Objection: This exhibit can only be used for impeachment purposes (non-party) (F.R.C.P. Rule 32); Subject to objections raised in deposition. | | | |
| 109 | | D.V.D. of May 6, 2008 Deposition of Inez Lara. | Objection: This exhibit can only be used for impeachment purposes (non-party) (F.R.C.P. Rule 32); Subject to objections raised in deposition. | | | |
| 110 | | DVD of Select Video Clips from L.A.S.D. Use of Force Video of Witness Plaintiff LUNA regarding Incident Case No. 405-06754-1517-145. | Objection: Plaintiff objects on relevancy grounds (F.R.E. Rule 401, 402); Plaintiff further objects that this exhibit should be excluded on grounds of prejudice (F.R.E. Rule 403); This is inadmissible character evidence (F.R.E. Rule 404); Defendants have not disclosed what "select video clips" will be used. | The video in its entirety has been provided to plaintiff in discovery.  The term "select" video clip solely describes  video pertaining to this specific witness. | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 111 | | DVD of Select Video Clips from L.A.S.D. Use of Force Video of Witness Christina Hill regarding Incident Case No. 405-06754-1517-145. | Objection: Defendants have not provided Plaintiff with this exhibit. Plaintiff does not know what "select video clips" contain; Hearsay (F.R.E. Rule 801, 802, 805); Impeachment only, as witness is a non-party. | The video in its entirety has been provided to plaintiff in discovery.  The term "select" video clip solely describes  video pertaining to this specific witness.<br><br>Moreover, this exhibit constitutes an exception to the Hearsay rule as a Present Sense Impression. (F.R.E. Rule 803(1)) and/or an Excited Utterance (F.R.E. Rule 803(2) and/or a statement describing the declarant's State of Mind (F.R.E. Rule 803(3). | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 112 | | DVD of Select Video Clips from L.A.S.D. Use of Force Video of Witness Vivian Ortiz regarding Incident Case No. 405-06754-1517-145 | Objection: Defendants have not provided Plaintiff with this exhibit. Plaintiff does not know what "select video clips" contain; Hearsay (F.R.E. Rule 801, 802, 805); Impeachment only, as witness is a non-party. | The video in its entirety has been provided to plaintiff in discovery.  The term "select" video clip solely describes  video pertaining to this specific witness.<br><br>Moreover, this exhibit constitutes an exception to the Hearsay rule as a Present Sense Impression. (F.R.E. Rule 803(1)) and/or an Excited Utterance (F.R.E. Rule 803(2) and/or a statement describing the declarant's State of Mind (F.R.E. Rule 803(3). | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|------------------------|----------------|-------|
| 113 |      | DVD of Select Video Clips from L.A.S.D. Use of Force Video of Witness Steven Ayala regarding Incident Case No. 405-06754-1517-145 | Objection: Defendants have not provided Plaintiff with this exhibit. Plaintiff does not know what "select video clips" contain; Hearsay (F.R.E. Rule 801, 802, 805); Impeachment only, as witness is a non-party. | The video in its entirety has been provided to plaintiff in discovery.  The term "select" video clip solely describes  video pertaining to this specific witness.<br><br>Moreover, this exhibit constitutes an exception to the Hearsay rule as a Present Sense Impression. (F.R.E. Rule 803(1)) and/or an Excited Utterance (F.R.E. Rule 803(2) and/or a statement describing the declarant's State of Mind (F.R.E. Rule 803(3). |  |  |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 114 | | DVD of Select Video Clips from L.A.S.D. Use of Force Video of Witness Edward Lara regarding Incident Case No. 405-06754-1517-145. | Objection: Defendants have not provided Plaintiff with this exhibit. Plaintiff does not know what "select video clips" contain; Hearsay (F.R.E. Rule 801, 802, 805); Impeachment only, as witness is a non-party. | The video in its entirety has been provided to plaintiff in discovery.  The term "select" video clip solely describes  video pertaining to this specific witness.<br><br>Moreover, this exhibit constitutes an exception to the Hearsay rule as a Present Sense Impression. (F.R.E. Rule 803(1)) and/or an Excited Utterance (F.R.E. Rule 803(2) and/or a statement describing the declarant's State of Mind (F.R.E. Rule 803(3). | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 115 | | DVD of Select Video Clips from L.A.S.D. Use of Force Video of Witness Inez Lara regarding Incident Case No. 405-06754-1517-145. | Objection: Defendants have not provided Plaintiff with this exhibit. Plaintiff does not know what "select video clips" contain; Hearsay (F.R.E. Rule 801, 802, 805); Impeachment only, as witness is a non-party. | The video in its entirety has been provided to plaintiff in discovery.  The term "select" video clip solely describes  video pertaining to this specific witness.<br><br>Moreover, this exhibit constitutes an exception to the Hearsay rule as a Present Sense Impression. (F.R.E. Rule 803(1)) and/or an Excited Utterance (F.R.E. Rule 803(2) and/or a statement describing the declarant's State of Mind (F.R.E. Rule 803(3). | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|-----|------|-------------|------------|-------------------------|----------------|-------|
| 116 | | L.A.S.D. Intoxication Assessment Sheet Form for Plaintiff LUNA. | Objection: Irrelevant (F.R.E. Rules 401, 402, and 403); Lacks foundation; Hearsay (F.R.E. Rule 801, 802, 805); Subject matter requires expert opinion. (F.R.E. Rules 701 and 702). | The intoxication assessment form is relevant in that it describes the LASD perceptions vis-à-vis plaintiff's intoxicated state and makes it more likely then not that he was intoxicated on the evening that the incident occurred.

Foundation and authenticity of LASD records has been stipulated between the parties;

General characteristics regarding whether an individual is intoxicated is within the base knowledge of lay witnesses. | | |
| 117 | | LASD Station Inmate Classification Questionnaire for Plaintiff LUNA. | | | | |

| Ex. | Date | Description | Objections | Responses to Objections | ID/ Bates Nos. | Admit |
|---|---|---|---|---|---|---|
| 118 | | LA County Arrestee Medical Screening Form for Plaintiff LUNA. | Objection: Irrelevant (F.R.E. Rules 401, 402, and 403); Lacks foundation; Hearsay (F.R.E. Rule 801, 802, 805); Subject matter requires expert opinion. (F.R.E. Rules 701 and 702). | This exhibit is relevant in that it describes the LASD perceptions vis-à-vis plaintiff's intoxicated state and makes it more likely then not that he was intoxicated on the evening that the incident occurred.<br><br>Foundation and authenticity of LASD records has been stipulated between the parties;<br><br>General characteristics regarding whether an individual is intoxicated is within the base knowledge of lay witnesses. | | |
| 119 | | Withdrawn. | | | | |