UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: <u>CV 07-04715 SJO (JCx)</u>  DATE: <u>September 25, 2008</u>

TITLE: <u>Luna v. County of Los Angeles, et al.</u>

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers):**
ORDER GRANTING DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF OTHER ALLEGED BAD ACTS, GRANTING DEFENDANTS' MOTION IN LIMINE TO PRECLUDE REFERENCE TO THE OUTCOME OF CRIMINAL PROCEEDINGS OR OF FINDINGS OF FACTUAL INNOCENCE, AND GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION IN LIMINE NO. 1 EXCLUDING ANY EVIDENCE CONCERNING PLAINTIFF'S ARRESTS AND UNSUBSTANTIATED ALLEGATIONS OF MISCONDUCT
[Docket No. 23, 24, & 25]

I.      BACKGROUND

Plaintiff Michael Luna ("Luna") brought a § 1983 action against Defendants County of Los Angeles, Los Angeles County Sheriff's Department, Kenneth Felix, Timothy Lopez, and Nicholas Cabrera (collectively, "Defendants") for excessive force, false arrest/imprisonment, malicious prosecution, and violation of due process by presentation of fabricated evidence at criminal trial. In anticipation of trial, the parties have filed the following motions in limine:

(1)     Defendants' Motion in Limine to Preclude Evidence of Other Alleged Bad Acts, filed August 26, 2008. Plaintiff filed an Opposition and Defendants filed a Reply.
(2)     Defendants' Motion in Limine to Preclude Reference to Outcome of Criminal Proceedings or of Finding of Factual Innocence, filed August 26, 2008. Plaintiff filed an Opposition and Defendants filed a Reply.
(3)     Plaintiff's Motion in Limine No. 1 Excluding Any Evidence Concerning Plaintiff's Arrests and Unsubstantiated Allegations of Misconduct, filed August 26, 2008. Defendants filed an Opposition and Plaintiff filed a Reply.

II.     DISCUSSION

To be admissible, evidence must be relevant. *See* Fed. R. Evid. 402. Nevertheless, trial courts may exclude relevant evidence under Fed. R. Evid. 403 if the "probative value [of the evidence] is substantially outweighed by the danger of unfair prejudice, confusion of the issues,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  **CV 07-04715 SJO (JCx)**                    DATE:  **September 25, 2008**

or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Among the factors to be considered in assessing the probative value of the evidence is the remoteness in time of the incident at issue. *United States v. Jackson*, 882 F.2d 1444, 1448 (9th Cir. 1989). Furthermore, in the context of Fed. R. Evid. 403, "unfair prejudice" means an "undue tendency" to suggest decision on an improper basis, often an emotional one. See Fed. R. Evid. 403 advisory committee's note.

Trial courts have "very broad discretion" in applying Fed. R. Evid. 403. *See Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988) (citations and internal quotations omitted). Nevertheless, Fed. R. Evid. 403 "tilts . . . towards admission of evidence in close cases." *See United States v. Whitmore*, 359 F.3d 609, 619 (2004) (citations and internal quotations omitted).

I.   Defendants' Motion to Preclude Evidence of Other Alleged Bad Acts: GRANTED

Claiming unawareness of any specific evidence of bad acts that Luna may seek to introduce, Defendants move to exclude evidence of "any claimed or alleged misconduct on the part of Deputies Kenneth Felix and Timothy Lopez and Sgt. Nicholas Cabrera." (Defs.' Mot. In Limine to Exclude Evidence of Other Alleged Bad Acts 2.)  In response to this broad motion in limine, Luna argues that, under Fed. R. Evid. 608(b), he is entitled to inquire on cross-examination into a specific instance of misconduct by Defendant Deputy Kenneth Felix, which involved the making of a false report. (Pl.'s Opp'n to Def.'s Mot. In Limine to Exclude Evidence of Other Alleged Bad Acts.)  The specific bad act into which Luna intends to inquire is that, at 7:15 a.m. on February 26, 2003, Deputy Felix ("Felix"), who was to make periodic safety checks at a men's jail, falsely indicated on a "Row Safety Check Sheet" that he had made rounds at 8:19 a.m. and 9:23 a.m., prior to the actual hour. (Pl.'s Opp'n to Def.'s Mot. In Limine to Exclude Evidence of Other Alleged Bad Acts Ex. "A.")  Upon subsequent investigation by the Los Angeles Sheriff's Department, Felix admitted to the misrepresentation and was suspended from employment for one day. (Pl.'s Opp'n to Def.'s Mot. In Limine to Exclude Evidence of Other Alleged Bad Acts Ex. "A," Ex. "B.")  In opposition to admission of this evidence, Defendants argue that it is improper character evidence under Fed. R. Evid. 404(b), it is irrelevant, and that even if relevant, it should be excluded under Fed. R. Evid. 403 as unfairly prejudicial, misleading, and confusing. (Defs.' Mot. In Limine to Exclude Evidence of Other Alleged Bad Acts 2; Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. In Limine to Exclude Evidence of Other Alleged Bad Acts).[1]

---

[1]   To the extent that Defendants, even after Luna's Reply, continue to claim that the evidence at issue is improper character evidence under Fed. R. Evid. 404(b), the argument is misplaced because Luna does not seek general admission of the evidence for propensity purposes but seeks only to use the evidence on cross-examination. (Defs.' Mot. In Limine to Exclude Evidence of Other Alleged Bad Acts 3–5; Pl.'s Opp'n to Def.'s Mot. In Limine to Exclude Evidence of Other Alleged Bad Acts.)  Based on Luna's request for permission to inquire into the incident on cross-examination under Fed. R. Evid. 608(b), the analysis is limited to this context.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 07-04715 SJO (JCx)     **DATE:** September 25, 2008

Even if evidence is a potentially permissible subject for cross-examination under Fed. R. Evid. 608(b), the court must perform the requisite Fed. R. Evid. 403 balancing analysis before allowing inquiry into the evidence. *See United States v. Geston*, 299 F.3d 1130, 1137 (9th Cir. 2002). Here, the Court exercises its discretion to exclude the false statement that Defendant Felix made in the "Row Safety Check Sheet" of February 26, 2003. The Court finds that the probative value of the evidence as to Felix's credibility is limited by the length of time that has passed since the incident and is substantially outweighed by the danger of waste of time at trial, as admission of this evidence would allow the Defendants to present rehabilitative evidence under Fed. R. Evid. 608(a), as well as the likelihood of unfair prejudice. Therefore, the Defendants' motion to preclude other specific bad acts is GRANTED.

II. <u>Defendants' Motion to Preclude Reference to Outcome of Criminal Proceedings or of Findings of Factual Innocence: GRANTED</u>

Defendants move to preclude "any evidence relating to the outcome of the criminal proceedings brought in the matter of <u>People of the State of California v. Michael Luna</u>, Case #5WH04614," in which Luna was acquitted of both criminal charges brought against him: (1) assault on a police officer and (2) delaying, obstructing, and resisting a police officer. (Mot. In Limine to Preclude Reference to Outcome of Criminal Proceedings or of Finding of Factual Innocence 2; Pl.'s Mem. of Points & Authorities in Opp'n to Defs.' Mot. In Limine to Exclude Acquittal 3.)[2] In support of this motion, Defendants argue that such evidence is irrelevant to the determination of probable cause that the jury must make in this civil § 1983 case and even if relevant, should be excluded under Fed. R. Evid. 403 because its inclusion would serve only to confuse the jury and unfairly prejudice the Defendants. (Mot. In Limine to Preclude Reference to Outcome of Criminal Proceedings or of Finding of Factual Innocence 3; Def.'s Reply to Pl.'s Opp'n to Defs.' Mot. In Limine to Exclude Acquittal; Mem. of Points & Authorities in Support Thereof). In response, Luna contends that evidence of his acquittal is relevant because "favorable termination of the criminal proceedings is a necessary element of" both his false arrest and malicious prosecution actions and the jury must be informed of the acquittal to evaluate his economic and emotional damages. (Pl.'s Mem. of Points & Authorities in Opp'n to Defs.' Mot. In Limine to Exclude Acquittal 2–4.)

---

[2] Defendants also move to exclude "any evidence relating to the finding under California Penal Code § 851.85 in <u>People of the State of California v. Michael Luna</u>, Case #5WH04614, that it appeared to the judge presiding at the trial that Michael Luna was factually innocent of" the charge of assault on a police officer. (Mot. In Limine to Preclude Reference to Outcome of Criminal Proceedings or of Finding of Factual Innocence 2–4.) Nevertheless, Luna stipulated to the exclusion of the finding of factual innocence in accord with the explicit statutory language of California Penal Code § 851.8(I). (Pl.'s Mem. of Points & Authorities in Opp'n to Defs.' Motion in Limine to Exclude Acquittal n. 1). As such, this portion of the Defendants' motion is summarily DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 07-04715 SJO (JCx)                    DATE: September 25, 2008

Evidence of an acquittal is generally not admissible in a subsequent civil action between the same parties because of the differing standards of proof in civil and criminal trials. *See Borunda*, 885 F.2d at 1387 (citations omitted). Specific to subsequent § 1983 civil cases, the rationale for the general rule of exclusion of such acquittal evidence is that the state's failure to prove guilt beyond a reasonable doubt in the previous criminal trial does not mean that it did not meet the "lesser probable cause standard," which requires an evaluation of whether the facts and circumstances within the police's knowledge were sufficient to warrant a reasonable belief that an offense has been or is being committed. *See De Anda v. City of Long Beach*, 7 F.3d 1418, 1422 (9th Cir. 1993) (citations and internal quotations omitted); *Borunda*, 885 F.2d at 1389. Therefore, evidence of the plaintiff's prior criminal acquittal is irrelevant to the jury's determination of the existence of probable cause in a § 1983 case. *See, e.g., Taylor v. Hudson*, No. CIV 02-0775 JB/RHS, 2003 U.S. Dist. LEXIS 26737 (D. N.M. Nov. 21, 2003) ("Given this conceptual separation between probable cause and guilt, the fact that another jury found [plaintiff] not guilty of [a]ggravated [b]attery on a [p]olice [o]fficer does not make it more or less probable that the [d]efendants had reason to think probable cause for an arrest existed.").

The plaintiff's acquittal in a previous criminal trial may, however, be relevant to damages in a § 1983 case. *See Borunda*, 885 F.2d at 1387–88. A successful § 1983 civil plaintiff is entitled to compensation for both the "economic and non-economic damages" incurred as a "proximate result" of the violations of the plaintiff's civil rights. *See Barlow v. Ground*, 943 F.2d 1132, 1136 (9th Cir. 1991) (citing *Borunda*, 885 F.2d at 1389). Economic damages in a § 1983 case may include "reasonable attorney's fees" the plaintiff spent in defending against the criminal charges. *See id.*

Even where evidence of the § 1983 plaintiff's acquittal is relevant, in performing the requisite balancing under Fed. R. Evid. 403, courts have shown reluctance to admit acquittal evidence in subsequent § 1983 civil litigation. In the context of Fed. R. Evid. 403, concerns regarding admission of acquittal evidence include that the evidence is likely to unfairly prejudice the defendants because the jury might infer from the acquittal that the plaintiff should not have been arrested and that the allegations against the defendant are correct. *See Redmond v. City of Chicago*, No. 06 C 3611, 2008 WL 539164 (N.D. Ill. Feb 26, 2008); *Taylor*, 2003 U.S. Dist. LEXIS 26737, at *7–*11. Another common concern is that the jury may be confused by the different standards of guilt and probable cause. *See Taylor*, 2003 U.S. Dist. LEXIS 26737, at *10–*11. In contrast, however, another court minimized such concerns by noting in its rationale for admitting the acquittal evidence that, based on the facts that needed to be disclosed, the "jury would likely have surmised that the criminal charges were resolved favorably." *Smith v. City of Oakland*, 538 F. Supp. 2d 1217, 1231 (N.D. Cal. 2008).

Judicial hesitance to admit acquittal evidence is particularly apparent where relevance of the acquittal is limited to damages. *Compare Borunda*, 885 F.2d 1384, *and Taylor*, 2003 U.S. Dist. LEXIS 26737 ("[Defendant's] only argument with respect to relevance has been that evidence of

CASE NO.: **CV 07-04715 SJO (JCx)**          DATE: **September 25, 2008**

the acquittal should be admitted to prove the damages suffered in defending the criminal charges against him. Given the important distinctions between the concepts of probable cause and guilt or innocence, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury."), *with Sloman v. Tadlock*, 21 F.3d 1462 (9th Cir. 1994) (upholding admission, in § 1983 case, of plaintiff's acquittal on criminal trespass charge to rebut defendants' contention that plaintiff had a vindictive motive for pursuing the litigation); *Smith*, 538 F. Supp. 2d 1217 (refusing to grant new trial in § 1983 case on account of trial court's admission, with limiting instruction, of dismissal of charge for gun possession where dismissal was relevant to officer's motive and the credibility of his testimony). For example, in *Borunda v. Richmond*, a § 1983 case, the trial court admitted evidence of the plaintiffs' acquittal on criminal charges of both assault on a police officer and resisting arrest for the sole purpose of showing that "the plaintiffs incurred damages in the form of attorneys' fees in successfully defending against the state criminal charges." 885 F.2d 1387–88. The Ninth Circuit Court of Appeals found that the district court did not abuse its "very broad discretion in admitting evidence of the prior state court acquittals but, noting the potential for prejudice with regard to the admission of the acquittal evidence, expressed its disapproval of the lower court's decision:

> This court would have been inclined to exclude evidence of the acquittals altogether. The fact that plaintiffs had been previously acquitted in the criminal case is far removed from establishing whether probable cause existed for their arrests. . . . [W]e believe that the admission of such evidence may under certain . . . circumstances constitute an abuse of discretion.

*Borunda*, 885 F.2d at 1388–89.

    Here, Luna's first argument for relevance, that the "favorable termination of the criminal proceedings is a necessary element of" his false arrest and malicious prosecution actions is incorrect. (Pl.'s Mem. of Points & Authorities in Opp'n to Defs.' Motion in Limine to Exclude Acquittal 2–4.). It is true that, under *Heck v. Humphrey*'s "favorable termination" requirement, Luna's claims for false arrest and malicious prosecution would be barred and dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if the criminal proceedings had not terminated in his favor. *See* 512 U.S. 477, 484–87; *Jaisinghani v. Byrne*, 120 Fed. Appx. 47, 48–49 (9th Cir. Jan. 7, 2005) (applying *Heck* to a § 1983 malicious prosecution action); *Norris v. Arizona*, No. CV 07-2247-PHX-DGC (LOA), 2008 WL 752614, at *3–*4 (D. Ariz. Mar. 18, 2008) (applying *Heck* to a § 1983 claim for false arrest or imprisonment). Nevertheless, whether the criminal proceedings terminated in favor of Luna is a legal issue to be addressed by the Court prior to trial under a Fed. R. Civ. P. 12(b)(6) claim, not an element that needs to be proved to and decided by a jury. In fact, Luna's own listing of the elements of his § 1983 claims for false arrest and malicious prosecution in Plaintiff's Memorandum of Contentions of Law and Fact do not mention favorable termination of criminal proceedings. (Pl. Mem. of Contentions of Law & Fact 4–5.) As such, Luna's relevance argument fails on these grounds.

    Luna is correct, however, that the acquittal is relevant to the jury's assessment of damages, as Luna is entitled to the attorney's fees, as well as non-economic damages, proximately caused

CASE NO.:   CV 07-04715 SJO (JCx)                    DATE:   September 25, 2008

by any § 1983 violations that the jury determines the Defendants committed.  *See Barlow*, 943 F.2d at 1136; *Borunda*, 885 F.2d at 1384, 1389.

A finding of relevance is insufficient, however, as the Court must still perform a Fed. R. Evid. 403 balancing.  The common concern that the jury might speculate from the acquittal that the police improperly arrested the plaintiff is particularly acute in this case, as the charges from which the plaintiff was acquitted were assault on a police officer and delaying, obstructing, and resisting a police officer.  Because the criminal charges directly involved the altercation between Luna and the defendant police officers, the jury might be more swayed by the acquittal as compared to a case in which the criminal charge from which the plaintiff was acquitted was distinct from any altercation with the police.  In addition to this risk of unfair prejudice against the defendants and misleading of the jury, there is a realistic risk of juror confusion based on the different standards to convict in a criminal case and the probable cause determination in a § 1983 civil case, even with a limiting instruction.

Because the relevance of the acquittal is limited to damages, it has minimal probative value. *See Borunda*, 885 F.2d at 1388–89; *Taylor*, 2003 U.S. Dist. LEXIS 26737.  Further, Luna can present evidence that he defended against criminal charges, as well as the monetary cost of that defense, without mentioning the acquittal.  *See Taylor*, 2003 U.S. Dist. LEXIS 26737.  As such, the risks of unfair prejudice against the defendants, misleading the jury, and confusion of the issues substantially outweigh the minimal probative value of the evidence.  *See* Fed. R. Evid. 403.  Therefore, guided by the Ninth Circuit's admonition in *Borunda*, 885 F.2d 1384, the Defendants' motion in limine to preclude evidence of Luna's acquittal in his criminal trial for assault on a police officer and resisting arrest is GRANTED.

III.   Plaintiff's Motion to Preclude Evidence Concerning Plaintiff's Arrests and Unsubstantiated Allegations of Misconduct: GRANTED IN PART, DENIED IN PART

   A.   Plaintiff''s Unsubstantiated Allegations of Wrongdoing That Did Not Result in Arrest or Prosecution: GRANTED IN PART, DENIED IN PART

Luna moves to preclude evidence "regarding, or referencing unsubstantiated allegations of wrongdoing by Plaintiff that did not result in arrest or prosecution."  (Pl.'s Notice of Mot. & Mot. In Limine No. 1 Concerning Pl.'s Arrests & Unsubstantiated Allegations of Misconduct 2.) Throughout the parties' memorandums, which are based on vague references to Luna's personal history in the depositions of Luna and Psychologist Anthony Reading, Ph.D. ("Reading"), as well as Reading's Rule 26(f) report, the precise evidence at issue remains similarly unclear. Nevertheless, the evidence at issue appears to be limited to: (1) a custody battle and child support dispute with a former girlfriend that involved allegations of abuse and (2) the issuance of a temporary restraining order in response to another former girlfriend's allegations of abuse.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  **CV 07-04715 SJO (JCx)**           DATE:  **September 25, 2008**

    By claiming damages on account of emotional distress, a plaintiff makes evidence of "other probable causes" of such distress relevant to the litigation. *See Mehus v. Emporia State Univ.*, 326 F. Supp. 2d 1231 (D. Kan. 2004) (denying motions in limine of plaintiff claiming emotional distress damages to preclude both communications criticizing plaintiff's employment performance and plaintiff's large gambling losses on the ground that such evidence constituted other probable causes of plaintiff's emotional distress); *Rettiger v. IBP, Inc.*, No. 96-4015-SAC, 1999 WL 318153, at *2 (D. Kan. Jan. 6, 1999).  It would be inequitable to allow the plaintiff to introduce evidence on emotional distress but deny the defendants the opportunity to present alternative or multiple causes of such emotional strain.  *See York v. American Tel. & Tel. Co.*, 95 F.3d 948 (10th Cir. 1996).

    In performing a Fed. R. Evid. 403 balancing, the probative value of "other probable causes" evidence increases to the extent that the defendants have "specific evidence" establishing causation of the plaintiff's emotional distress.  *See Magelky v. BNSF Railway Co.*, No. 1:06-cv-025, 2008 WL 238415 (D.N.D. Jan. 28, 2008) (reserving decision on motion in limine to exclude plaintiffs' relationships with her children, marital abuse, previous marriages, and child support disputes because such evidence may be relevant if plaintiff chooses to pursue a claim for non-economic damages, "particularly if the medical records reveal that [plaintiff] has suffered and continues to suffer emotional trauma which is, in part, related to [this personal history.]"); *Equal Employment Opportunity Comm'n v. GLC Rests., Inc.*, No. CV05-618 PCT-DGC, 2007 WL 30269 (D. Ariz. Jan. 4, 2007).  In the context of other possible causes of emotional distress, balancing Fed. R. Evid. 403 factors is particularly important where the other possible causes of distress are "highly prejudicial, remote in time, and are not the subject of an expert opinion." *Rettiger*, 1999 WL 318153, at *3.

    1.    <u>Child Custody and Support Dispute and Allegations of Abuse by Former Girlfriend</u>

    Luna was involved in a custody battle and child support dispute with a former girlfriend, beginning approximately twenty years ago and ending approximately six years ago. (Pl.'s Mem. of Points & Authorities 2, Ex. "A;" Resp. of Defs. to Pl.'s Motion in Limine No. 1 Ex. A.)  Luna suggested that the court did not award him custody and permitted only supervised visitation because, sometime in "the 1980's," his former girlfriend alleged that he was physically abusive towards her.  (Pl.'s Mem. of Points & Authorities Ex. "A;" Resp. of Defs. to Pl.'s Motion in Limine No. 1 Ex. A, Ex. B). Luna opposes introduction of this evidence on the grounds that it is irrelevant because remote in time and its admission would be unduly prejudicial and a waste of time. (Pl.'s Mem. of Points & Authorities). Defendants' counter that the evidence is relevant to an assessment of Luna's emotional distress damages, supported by Reading's deposition in which he acknowledged that Luna's estrangement from his daughter, as well as the allegations of physical abuse "could impact" Luna emotionally. (Resp. of Defs. to Pl.'s Motion in Limine No. 1 1, Ex. B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 07-04715 SJO (JCx)            DATE:  September 25, 2008

      Here, should Luna call a psychologist to discuss his emotional distress damages, specifically depression, evidence of "other probable causes" of Luna's emotional turmoil would be relevant.  *See* Resp. of Defs. to Pl.'s Motion in Limine No. 1 1; *Mehus*, 326 F. Supp. 2d 1231; *Rettiger*, 1999 WL 318153, at *2.  Nevertheless, the probative value of this evidence is limited in that Defendants have not firmly established the effect of these events on Luna.  Rather, the Defendants point to Reading's deposition in which he answered affirmatively that the "court battles . . . would be a matter that could impact somebody emotionally" and "allegations . . . by the mother that he was physically abusive would also be something that could have an emotional impact." (Resp. of Defs. to Pl.'s Motion in Limine No. 1 Ex. B.)  Additionally, Reading indicated it would be an "ongoing background issue that he was estranged from his daughter." (Resp. of Defs. to Pl.'s Motion in Limine No. 1 Ex. B.)  These references, however, are mere speculation and do not establish a definite connection between Luna's depression and these incidents in Luna's personal history, making the evidence less probative than it would be if there were medical records, psychological reports, or deposition testimony from a psychologist or Luna himself that clearly establish that these particular incidents in some way contributed to Luna's depression.  *See* Pl.'s Reply in Support of His Mot. In Limine No. 1 to Exclude Any Evidence Concerning Pl.'s Arrests & Unsubstantiated Allegations of Misconduct 1; *Magelky*, 2008 WL 238415; *Equal Employment Opporunity Comm'n*, 2007 WL 30269.

      In performing the Fed. R. Evid. 403 balancing for these two pieces of evidence, the analysis diverges.  Although the probative value of both Luna's unsuccessful child custody and support dispute, as well as the allegations of abuse that may have resulted in the court's custody and visitation determination, is low based on Defendants' failure to connect these incidents to Luna's depression, the substantial difference in the prejudicial impact and the timing of the events calls for opposite conclusions with regard to these two pieces of evidence.  As to Luna's nearly fifteen-year child custody dispute, starting approximately twenty years ago and ending only six years ago, the events at issue were long-lasting and ended recently, making them more likely to contribute to any depression Luna is currently experiencing. Furthermore, admission of Luna's unsuccessful child custody battle and resulting lack of a close relationship with his daughter would not be particularly prejudicial.  Child custody and support disputes are common and are not likely to bring measurable ill will towards Luna.  As such, the minimal risks of unfair prejudice do not substantially outweigh the probative value of the evidence.  In contrast, the allegations of abuse that the mother of Luna's child made in connection with the child custody dispute are substantially more prejudicial and more remote in time, occurring sometime "in the 1980's." (Pl.'s Mem. Of Points & Authorities Ex. "A.")  Allegations of physical abuse by Luna's former girlfriend, the mother of his child, would likely inflame the jury.  Given the limited probative value of the evidence because of the Defendants' failure to establish that these allegations contributed to Luna's depression, the length of time that has passed since these allegations, and the fact that they are mere unproven allegations, the high risk of prejudice outweighs the probative value of this evidence.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   <u>CV 07-04715 SJO (JCx)</u>                    DATE:   <u>September 25, 2008</u>

Therefore, Plaintiff's motion in limine is DENIED with respect to the child custody and child support disputes, and GRANTED with respect to Luna's former girlfriend's allegations of abuse in connection with these disputes.

        2.    <u>Former Girlfriend's Temporary Restraining Order Against Plaintiff</u>

Approximately twenty years ago, another former girlfriend obtained a temporary restraining order against Luna. (Pl.'s Mem. of Points & Authorities 2, Ex. "A.") Again, Luna argues against the admission of this evidence, claiming that it is irrelevant and even if relevant, should be excluded because the evidence would be a waste of time and prejudicial to Luna, as it is "highly likely to arouse the jury's anger or punitive impulses." (Pl.'s Mem. of Points & Authorities.) Given Defendants' concession at the Pre-Trial Conference on September 22, 2008, Plaintiff's Motion in Limine is GRANTED with respect to the temporary restraining order that Luna's former girlfriend obtained against him.

        B.    <u>Plaintiff's Criminal Arrests and Convictions: GRANTED</u>

Luna also moves to exclude the introduction of any evidence regarding his "criminal arrests, any criminal charges made, pleas entered, record of arrests, misdemeanor and felony convictions, or jail time served by him concerning such arrests and/or convictions prior to the incident underlying this litigation." (Pl.'s Notice of Mot. & Mot. In Limine No. 1 Concerning Pl.'s Arrests & Unsubstantiated Allegations of Misconduct 2.) Based on the parties' memorandums, the only piece of evidence at issue appears to be that Luna, who is now forty years old, was arrested as a teenager for unpaid traffic tickets. (Pl.'s Mem. of Points & Authorities 2, Ex. "A.") Luna seeks to exclude this evidence on the grounds that it is irrelevant and its inclusion would be a waste of time and unfairly prejudicial. (Pl.'s Mem. of Points & Authorities.) Given Defendants' concession at the Pre-Trial Conference on September 22, 2008, Plaintiff's Motion in Limine is GRANTED with respect to Luna's arrest for unpaid parking tickets.

III.    <u>RULING</u>

For the foregoing reasons, Defendants' Motion in Limine to Preclude Evidence of Other Alleged Bad Acts is GRANTED, Defendants' Motion in Limine to Preclude Reference to Outcome of Criminal Proceedings or of Finding of Factual Innocence is GRANTED, and Plaintiff's Motion in Limine No. 1 Excluding Any Evidence Concerning Plaintiff's Arrests and Unsubstantiated Allegations of Misconduct is GRANTED IN PART, DENIED IN PART.

IT IS SO ORDERED.